IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| The ESTATE OF JOSEPH LOPEZ, by Administrator Joe Lopez, | ) ) ) |
| Plaintiff, | ) ) No. 1:22-CV-421-LCB-JLW |
| v. | ) ) ) |
| Greensboro Police Department Officer MATTHEW HAMILTON, and the CITY OF GREENSBORO, | ) ) ) ) |
| Defendants. | ) ) |

_____

**DEFENDANT CITY OF GREENSBORO'S
RESPONSE TO DEFENDANT MATTHEW HAMILTON'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

NOW COMES Defendant City of Greensboro, by and through counsel, responding to Defendant Matthew Hamilton's Motion for Judgment on the Pleadings [D.E. 20], as follows:

**STATEMENT OF THE CASE AND RELEVANT FACTS**

On November 19, 2021, law enforcement officers of the Greensboro Police Department ("GPD") responded to a call that the decedent, Joseph Lopez, was attempting to gain unauthorized entry to a residence located on Cloverdale Drive in Greensboro, North Carolina. [D.E. 1], (Compl. ¶ 10). Defendant Matthew Hamilton ("Officer Hamilton") was one of the law enforcement officers who responded to the residence. When the officers arrived, Mr. Lopez was hiding inside a small room located at the back of a detached two-

car garage. (Compl. ¶ 11). Officer Hamilton, a now-former GPD K-9 officer, warned Mr. Lopez that a K-9 dog would be released into the room if Mr. Lopez did not come out. Mr. Lopez refused to comply. (Compl. ¶¶ 15-16). When Mr. Lopez refused to comply, Officer Hamilton released his K-9 dog into the room. Officer Hamilton then followed the dog into the room with his service weapon drawn. Upon entering the room, Officer Hamilton fatally shot Mr. Lopez in the face. The Complaint alleges that Mr. Lopez was unarmed when he was shot. (Compl. ¶ 23).

On behalf of the Estate of Joseph Lopez, Joe Lopez filed the Complaint against Officer Hamilton and the City of Greensboro (the "City") on June 6, 2022. [D.E. 1]. Following the close of the pleadings, Officer Hamilton filed a Motion for Judgment on the Pleadings on September 10, 2022. [D.E. 20].

The City does not oppose Officer Hamilton's Motion.

## ARGUMENT

Officer Hamilton filed the Motion for Judgment on the Pleadings based on his entitlement to qualified immunity. [D.E. 20]. One basis of Officer Hamilton's Motion is that Plaintiff has failed to allege a violation of his constitutional rights. [D.E. 21, p. 21].

Plaintiff's *Monell* claims cannot be maintained against the City if there is no underlying constitutional violation. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–91, 98 S. Ct. 2018 (1978). Indeed, "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691, 98 S. Ct. at 2036.

2

Based on *Monell*, as a general rule, a plaintiff cannot prevail on a section 1983 claim against a municipality without first establishing an underlying constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). All of the federal circuit courts, following *Monell,* have held the same. *See Lachance v. Town of Charlton*, 990 F.3d 14, 31 (1st Cir. 2021) ("[I]t is true that *Monell* can impose municipal liability only for underlying, identifiable constitutional violations"); *Kanderskaya v. City of New York*, 590 Fed. Appx. 112, 114 (2d Cir. 2015) ("However, because there is no underlying deprivation of a federal right here, there is correspondingly no *Monell* claim."); *Noviho v. Lancaster Cnty. of Pennsylvania*, 683 Fed. Appx. 160, 163 (3d Cir. 2017) (the plaintiff's *Monell* claims are "dependent on the existence of an underlying substantive constitutional violation"); *Guerra v. Montgomery Cnty., Md.*, 118 Fed. Appx. 673, 675 (4th Cir. 2004) (for the proposition that an underlying constitutional violation is a necessary legal element of a claim under *Monell*); *Sanchez v. Edwards*, 433 Fed. Appx. 272, 276–77 (5th Cir. 2011) ("As the plaintiffs are unable to show an underlying constitutional violation, they have failed to meet their burden under the *Monell* standard."); *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (A municipality cannot be liable under *Monell* absent an underlying constitutional violation); *Sallenger v. City of Springfield, Ill.*, 630 F.3d 499, 504 (7th Cir. 2010) ("[A] municipality cannot be liable under *Monell* when there is no underlying constitutional violation by a municipal employee."); *Mitchell v. Kirchmeier*, 28 F.4th 888, 902 (8th Cir. 2022) (holding that because a *Monell* claim requires an underlying constitutional violation, the district court properly dismissed the plaintiff's *Monell* claim);

3

*Oram v. City of Dillon*, 755 Fed. Appx. 685, 686 (9th Cir. 2019) ("Municipalities are only liable under Section 1983 if there is, at minimum, an underlying constitutional tort") (citing *Johnson v. City of Seattle*, 474 F.3d 634, 638-39 (9th Cir. 2007)); *Sigg v. Allen Cnty., Kansas, Bd. of Cnty. Commrs.*, 712 Fed. Appx. 738, 741 (10th Cir. 2017) ("Absent an underlying constitutional violation, Allen County cannot be liable under *Monell*."); *Joyce v. Crowder*, 509 Fed. Appx. 969, 970, 2013 WL 627739 (11th Cir. 2013); (affirming the district court's dismissal of plaintiffs' claims under *Monell* because there was no underlying constitutional violation).

Accordingly, following well-established federal law, the City cannot be held liable under *Monell* if there is no underlying constitutional violation.

## CONCLUSION

The City respectfully requests that Plaintiff's *Monell* claim be dismissed in the event the Court grants Officer Hamilton's Motion for Judgment on the Pleadings.

Respectfully submitted this 3rd day of October, 2022.

> */s/ Sonny S. Haynes*
> Sonny S. Haynes
> N.C. State Bar No. 41303
> WOMBLE BOND DICKINSON (US) LLP
> One West Fourth Street
> Winston Salem, North Carolina 27101
> Telephone: (336) 721-3632
> Facsimile: (336) 726-2227
> Email: Sonny.Haynes@wbd-us.com
>
> *Attorney for Defendant City of Greensboro*

## CERTIFICATE OF SERVICE

That on October 3, 2022, the undersigned electronically filed the **DEFENDANT CITY OF GREENSBORO'S RESPONSE TO DEFENDANT MATTHEW HAMILTON'S MOTION FOR JUDGMENT ON THE PLEADINGS** with the Clerk of Court using CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Sonny S. Haynes*
Sonny S. Haynes
N.C. State Bar No. 41303
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston Salem, North Carolina 27101
Telephone: (336) 721-3632
Facsimile: (336) 726-2227
Email: Sonny.Haynes@wbd-us.com

*Attorney for Defendant City of Greensboro*